**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **YUSELIN CRISTINA OJEDA HERNANDEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. CIV-26-1689-D** |
| **v.** | ) | |
| | ) | |
| **FRED FIGUEROA[1], et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Yuselin Cristina Ojeda Hernandez, a noncitizen[2] appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1).[3] Petitioner has also filed a memorandum in support of the Petition, (ECF No. 3), and an emergency motion for a temporary restraining order (TRO) barring her transfer or removal, (ECF No. 4). United States District Judge Timothy D. DeGiusti referred the matter to the undersigned magistrate judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondents moved to dismiss the Petition as moot, (ECF No. 11), and Petitioner responded, (ECF No. 12).

For the reasons set forth below, the undersigned recommends the Court **GRANT** Respondents' Motion to Dismiss and **DISMISS** the Petition without prejudice.

---

[1] Fred Figueroa, the Warden of Diamondback Correctional Facility, is not a federal official, and the motion to dismiss was not filed on his behalf. (ECF No. 11:1 n.1).

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Venezuela who was admitted to the United States on February 5, 2019, as a nonimmigrant visitor for pleasure with authorization to remain until September 9, 2022. (ECF No. 11-2:1). Petitioner applied for asylum and previously held Temporary Protected Status (TPS), which was terminated in November of 2025. (ECF No. 11-1:2).

On or about March 13, 2026, police in Plano, Texas, arrested Petitioner following an incident at a store, which Petitioner describes as a misunderstanding. *Id.*[4] On March 29, 2026, the Department of Homeland Security (DHS) issued a warrant for Petitioner's arrest and served her with a Notice to Appear (NTA) charging her as removable under 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States longer than permitted. (ECF Nos. 11-2:1 & 11-3). Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma.[5]

On April 28, 2026, an Immigration Judge (IJ) held a custody redetermination hearing and denied bond because Petitioner "did not establish [she was] not a flight risk." (ECF No. 11-4:1, 3).[6] On July 17, 2026, the IJ ordered Petitioner removed. (ECF No. 11-

[4] ICE records reflect that Petitioner was arrested for theft of property valued between $100 and $750. (ECF No. 11-1:2). Petitioner denies any intent to steal and states she is unaware of any resulting conviction. (ECF Nos. 3:2, 4 & 12:2-3). The disposition of this case has no bearing on the undersigned's analysis.

[5] *See* ICE Detainee Locator, locator.ice.gov/odls/#/results (last visited Sept. 29, 2026).

[6] Both parties reserved appeal of the bond decision, and the appeal deadline was May 28, 2026. (ECF No. 11-4:4). The record does not reflect whether Petitioner appealed the bond decision to the BIA.

5:1-2). Petitioner appealed that decision to the Board of Immigration Appeals (BIA) on July 23, 2026, and the appeal remains pending.[7]

Petitioner filed the Petition, her supporting memorandum, and the TRO motion on July 6, 2026. (ECF Nos. 1, 3 & 4).

## II. PETITIONER'S CLAIMS

Liberally construed, Petitioner's filings assert that her continued detention without "meaningful individualized custody review" violates the Due Process Clause, and that her detention is unnecessary given her ties to the United States, her lack of any known criminal conviction, and her familial obligations. (ECF No. 3:3-4). Petitioner also describes a medical emergency during her April 9, 2026, transfer from Texas to Oklahoma and her minor child's scheduled surgery. (ECF No. 3:2-4). Petitioner seeks release under reasonable, non-monetary conditions of supervision or, alternatively, a prompt individualized custody review at which the government bears the burden of proving by clear and convincing evidence that her detention is necessary. (ECF No. 3:4). She also asks the Court to prohibit her transfer or removal without prior notice while this case is pending. (ECF Nos. 3:4 & 4:1-2).

In response to the motion to dismiss, Petitioner argues the case is not moot because she remains detained and her BIA appeal is pending. (ECF No. 12:3). She also asks the Court to order Respondents to serve her with a complete copy of the motion

[7] *See* EOIR Automated Case Information System, https://acis.eoir.justice.gov/en/caseInformation (last visited Sept. 25, 2026).

and to produce the administrative record and, alternatively, seeks leave to supplement or amend the Petition. (ECF No. 12:3-5).

## III. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)). Because Petitioner proceeds *pro se*, the Court construes her filings liberally, but it does not act as her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## IV. DISCUSSION

### A. Section 1226(a) Governs Petitioner's Detention

Petitioner was admitted on a visitor visa, remained beyond her authorized stay, and was arrested in the interior of the country. (ECF Nos. 11-1:2 & 11-2:1). Petitioner's detention pending removal proceedings is therefore governed by § 1226(a), which entitles her to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Respondents do not contend otherwise, and Petitioner received a bond hearing under that provision. (ECF Nos. 11:2-3 & 11-4:3). The IJ's July 17, 2026 removal order does not change the

analysis. Because Petitioner's appeal to the BIA is pending, her removal order is not administratively final, and her detention has not shifted to 8 U.S.C. § 1231.[8]

### B. Petitioner's Request for an Individualized Custody Hearing Presents No Live Controversy

Article III limits federal courts to live cases and controversies, and "[a]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). A case is moot when the court can no longer grant "any effectual relief whatever" to a prevailing party. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "Mootness . . . is a fundamental bar to judicial review that must be accounted for at all stages of a proceeding, and applies in habeas as in any other type of litigation." *Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009).

Petitioner asks for an individualized custody review, but she has already received one. On April 28, 2026, an IJ considered her request for release and denied it on flight-risk grounds. (ECF No. 11-4:3). A bond hearing is the relief to which a noncitizen detained under § 1226(a) is entitled. *See Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) (explaining that "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the

---

[8] An order of removal "shall become final upon the earlier of – (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

statute" (citation modified)).[9] Petitioner's due process claim rests on the absence of such review, (ECF No. 3:3-4), and she identifies no additional relief the Court could provide on that claim beyond the hearing she already received. *See Guerrero Cordova v. Warden, Midwest Reg'l Reception Ctr.*, No. 26-3105-JWL, 2026 WL 1947831, at *1 (D. Kan. July 6, 2026); *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445-46 (1988).[10]

Petitioner argues the case remains live because she is still detained. (ECF No. 12:3). But her continued detention does not revive a request for relief she has already obtained. Because the Court cannot grant Petitioner any effectual relief on her request for an individualized custody review, that request should be dismissed.

### C. The Court Lacks Jurisdiction to Review the IJ's Bond Decision

To the extent Petitioner asks the Court to revisit the IJ's flight-risk determination by pointing to her community ties, family obligations, and lack of criminal history, (ECF Nos. 3:3-4 & 12:3), the Court lacks jurisdiction to do so. Section 1226(e) "strips federal courts of jurisdiction to hear challenges to an IJ's discretionary decision to keep a noncitizen in detention." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). "Thus, a district court has no jurisdiction to consider a habeas

---

[9] Judges in this District have found that, when claims like Petitioner's have merit, a bond hearing rather than release is generally the appropriate remedy. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *Cheema v. Grant*, No. CIV-26-551-J, Doc. 13, at 4 (W.D. Okla. May 21, 2026). Nothing in the record suggests Petitioner was previously released and then re-detained.

[10] Petitioner's bond hearing took place before she filed the Petition. (ECF Nos. 1 & 11-4:3). Her request for that relief therefore arguably presented no live controversy from the outset. Either way, the Court cannot grant her effectual relief on it.

petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026).

Section 1226(e) does not bar review of constitutional claims or questions of law. *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026). But Petitioner does not allege that her April 28, 2026 hearing was constitutionally deficient—for example, "that [s]he was denied the opportunity to present evidence at the bond hearing or that the IJ improperly shifted the burden of proof." *Kumar*, 2026 WL 753944, at *2. She was represented by counsel at that hearing. (ECF No. 11-4:1, 3). The Court should therefore decline to revisit the IJ's decision or to order a new hearing at which the government bears the burden of proof.[11]

### D. Petitioner's Remaining Claims and Requests Should Be Dismissed

Petitioner's account of the April 9, 2026 transport incident and her ongoing medical symptoms, (ECF No. 3:2-3), concerns the conditions of her confinement rather than the fact or duration of her custody. Such claims must be brought in a civil rights action, not a § 2241 petition. *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). Petitioner acknowledges that the Court need not resolve a conditions-of-confinement claim here. (ECF No. 12:3-4). Likewise, although her child's medical needs are serious, they do not create an entitlement to habeas relief independent of the custody review she

---

[11] Under the regulations governing § 1226(a) custody determinations, the noncitizen must show that her release would not pose a danger and that she is likely to appear for future proceedings. 8 C.F.R. § 236.1(c)(8); *Matter of Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006). Judges in this District have generally not ordered burden shifting at § 1226(a) hearings. *See, e.g.*, *Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 (W.D. Okla. July 7, 2026) (declining to address petitioner's burden-shifting claim).

has already received. Finally, because the undersigned recommends dismissal of the Petition, Petitioner's request for an order barring her transfer or removal, (ECF No. 4), should be denied as moot.[12]

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT** Respondents' Motion to Dismiss (ECF No. 11) and **DISMISS** the Petition (ECF No. 1) without prejudice.[13] Adoption of this recommendation would **MOOT** Petitioner's Emergency Motion for Temporary Restraining Order (ECF No. 4).

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **October 6, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

---

[12] Petitioner's remaining requests in her response likewise do not warrant relief. Respondents served the motion to dismiss on Petitioner by mail at Diamondback Correctional Facility, (ECF No. 11:4), and she has since filed a substantive response. The status of her removal proceedings is established by the record and EOIR's public case information. And leave to supplement or amend would be futile, because the developments Petitioner identifies, namely the IJ's removal order and her pending appeal, do not change the analysis above. (ECF No. 12:4).

[13] Dismissal for lack of jurisdiction must be without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

## VI. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on September 29, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE