**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| YUSELIN CRISTINA OJEDA HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1689-D |
| | ) | |
| FRED FIGUEROA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**ORDER**

Petitioner Yuselin Cristina Ojeda Hernandez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Venezuela who entered the United States on February 5, 2019, "as a nonimmigrant visitor for pleasure with authorization to remain until September 9, 2022." [Doc. No. 13, at 2]. Petitioner was granted Temporary Protected Status (TPS), which the Department of Homeland Security (DHS) terminated in November 2025. *Id.* In March 2026, Immigration and Customs Enforcement (ICE) detained Petitioner after she was arrested by Texas state law enforcement officers "following an incident at a store." *Id.* Petitioner is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma.

On April 28, 2026, following a custody determination hearing, an Immigration Judge denied Petitioner bond because she failed to show she was not a flight risk. On July 17, 2026, the Immigration Court ordered Petitioner removed, and Petitioner's appeal of the Immigration Court's removal order remains pending before the Board of Immigration Appeals (BIA).

Petitioner challenges her ICE detention as unlawful and seeks her release from custody or an individualized custody review before a neutral decisionmaker with the Government bearing the burden of clear and convincing evidence to justify her detention. [Doc. No. 1, at 8].

The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 7]. On September 29, 2026, Judge Erwin issued a Report and Recommendation [Doc. No. 13], recommending that the Court grant Respondents' Motion to Dismiss [Doc. No. 11], and dismiss the Petition as moot. Petitioner filed a timely Objection to Report and Recommendation [Doc. No. 14]. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).

On de novo review, the Court overrules Petitioner's objections. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996); *see also Alvarez v. Smith*, 558 U.S. 87 (2009). And "'[w]here the petitioner has received all the relief requested in the petition, [her] claim is moot and should be dismissed, unless an exception to the mootness doctrine applies.'" *Perez v. Holt,* No. CIV-25-1151, 2026 WL 597126, at *4 (W.D. Okla. Mar. 3, 2026) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1256–57 (10th Cir. 2002)).

The Court addresses Petitioner's first and fifth objections together as they relate to the same issue: Petitioner's request for a bond hearing as a remedy for her claims. In her first objection, Petitioner argues that her detention presents a live controversy because she remains detained and the injury challenged in her Petition continues daily. In her fifth objection, Petitioner maintains that the existing record before the Court shows that an 8 U.S.C. § 1226(a) bond hearing would provide her meaningful, non-futile relief. Petitioner received an individualized custody review in July 2026 when the Immigration Court held a bond hearing and denied her bond. Thus, Petitioner's objections are overruled. To the extent Petitioner argues that the Court should review the Immigration Judge's decision to deny bond, the Court finds it is jurisdictionally barred from doing so under § 1226(e). *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (noting that "'the Attorney General's exercise of discretion is not subject to judicial review'" per § 1226(e) and that "a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." (quoting *Mwangi v. Terry,* 465 F. App'x 784, 786 (10th Cir. 2012)).

In her second objection, Petitioner asserts that binding Tenth Circuit precedent establishes that noncitizens detained in the interior are subject to detention under § 1226(a). Petitioner is correct that the Tenth Circuit has held that the detention of noncitizens detained in the interior is governed by § 1226(a). *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026). But the magistrate judge found that Petitioner's detention is governed by 8 U.S.C. § 1226(a). [Doc. No. 13, at 4]. Thus, the Report and Recommendation is not in conflict with *Santillan Quiroz* and Petitioner's objection is without merit.

In her third objection, Petitioner contends that the Immigration Judge's removal order is not administratively final while her BIA appeal is pending. The magistrate judge found that "[b]ecause Petitioner's appeal to the BIA is pending, her removal order is not administratively final, and [as a result,] her detention has not shifted to 8 U.S.C. § 1231." [Doc. No. 13, at 5]. Thus, Petitioner's objection to the report on this ground is also baseless.

In her fourth objection, Petitioner argues that her failure to request a bond redetermination hearing does not required dismissal of the Petition and that "[t]o the extent the Report and Recommendation relies on administrative exhaustion or the absence of a prior bond-redetermination request," it is also erroneous. [Doc. No. 14, at 6]. The magistrate judge did not recommend dismissal of the Petition for failure to exhaust administrative remedies. Petitioner's objection is therefore overruled.

In her sixth objection, Petitioner asks the Court to grant her leave to supplement or amend the Petition instead of dismissing the Petition. A habeas petitioner may amend or supplement a § 2241 pleading "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. "[T]he standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to amend." *Carter v. Bigelow*, 787 F.3d 1269, 1278 n.6 (10th Cir. 2015) (internal citation omitted). Under FED. R. CIV. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." *See also Carter*, 787 F.3d at 1279 (authorization to supplement pleadings should be liberally granted). Leave to amend may be denied on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*

*v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotation omitted); *see also United States v. Burbage*, 280 Fed. App'x. 777, 782, 2008 WL 2332137, at *4 (10th Cir. 2008).

Based on Petitioner's representations, the Court finds that granting Petitioner leave to amend or supplement the Petition would be futile. Petitioner asserts that "[i]f the Court concludes that a factual or legal issue remains unresolved, the more efficient course is to permit a focused supplement, receive the necessary custody/BIA records, or recommit the matter to the Magistrate Judge for reconsideration in light of Santillan Quiroz, Miranda, and the current BIA status." [Doc. No. 14, at 8]. As explained above, the magistrate judge's recommendation is in accord with the Tenth Circuit's decision in *Santillan Quiroz*. In *Miranda*, the Court adopted the magistrate judge's recommendation to order the Government to provide the petitioner with a bond hearing, while his BIA appeal remained pending. *Miranda v. Mullin*, No. CIV-26-1004-D, 2026 WL 2030830, at *1, 3-4 (W.D. Okla. July 14, 2026), *adopted in part*, 2026 WL 2390961 (W.D. Okla. Aug. 17, 2026). Here, Petitioner has already received a bond hearing, and her detention is governed by § 1226(a) while her appeal of the Immigration Court's removal order is pending. Therefore, at this time, Petitioner has received all the procedural due process contemplated by the Immigration and Nationality Act (INA), and granting her leave to amend or supplement the Petition would be futile. *See Lyng v. Nw. Indian Cemetery Protective Ass'n,* 485 U.S. 439, 445 (1988) ("If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate.").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 13] is **ADOPTED,** and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **DISMISSED AS MOOT**. A separate judgment shall be entered.

**IT IS SO ORDERED** this 15th day of October, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE